**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

MARK DORSEY,                              )
                                          )
                    Plaintiffs,           )        No. 9:12-CV-00705-DCN
                                          )
        vs.                               )
                                          )        **ORDER**
TOWN OF BLUFFTON,                         )
                                          )
                                          )
                    Defendants.           )
                                          )

 

 

This matter is before the court on plaintiff Mark Dorsey's motion for a new trial,

ECF No. 52.  For the reasons that follow, the court denies the motion.

## I.  BACKGROUND

On March 9, 2012, Dorsey, a police officer for the Town of Bluffton, South

Carolina (Bluffton), filed a complaint in this court, charging that the town had

discriminated against him on the basis of his status as a member of the Army National

Guard.  Dorsey's complaint included two causes of action:  (1) unlawful discrimination

pursuant to the Uniform Services Employment and Reemployment Rights Act

(USERRA); and (2) unlawful retaliation pursuant to USERRA. The court conducted a

jury trial in this case, which began on February 25, 2013 and ended with a verdict for the

defendants on February 26, 2013.

In advance of trial, Dorsey's counsel submitted proposed jury instructions to the

court.  Counsel for Bluffton did not submit any proposed jury instructions.  The court

drafted its own jury instructions, using Dorsey's proposed jury instructions as one of

many sources.  During trial, the court provided copies of its draft jury instructions to both

1

parties and asked for the parties' input.  While the court made all of the few small

changes requested by the parties, neither party objected to the portion of the jury

instructions that is now the basis of Dorsey's motion for a new trial.

At the close of trial, the court read the final jury instructions to the jury and

provided each juror with a paper copy of the instructions.  In relevant part, the court's

final jury instructions stated:

> I will now instruct you on the law.  Plaintiff brings both of his claims under the Uniformed Services Employment and Reemployment Rights Act, also known as USERRA.  . . .
>
> **Under USERRA, a person who is a member of the uniformed services shall not be denied "any benefit of employment"** by an employer on the basis of his military service.   USERRA defines "benefit of employment" as the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, or interest (including wages or salary), that accrue by reason of an employer policy or practice.  Benefits of employment also include awards, bonuses, severance pay, vacations, and the opportunity to select work hours or location of employment.  A significant change in job responsibilities, even when pay and title remain the same, may be a "benefit of employment" that is denied.
>
> Plaintiff is entitled to the seniority rights and benefits that he would have attained if he had remained continuously employed by Defendant.
>
> . . .
>
> Plaintiff's second cause of action is for retaliation under USERRA. USERRA prohibits an employer from retaliating against any of its employees because the employee took action to enforce a protection provided to him by USERRA or exercised rights provided for by USERRA.  In order to prove his retaliation claim, Plaintiff must show by a preponderance of the evidence:
>
> (1) That he engaged in an activity protected by USERRA;
>
> (2) That **Defendant took a material adverse employment action against him**; and
>
> (3) That Defendant took its adverse employment action against Plaintiff because of his protected conduct.

2

Final Jury Instructions 7-10 (emphasis added).  While the court first instructed the jury that USERRA prohibits employers from denying their employees "any benefit of employment" on the basis of the employees' military status, it later stated that Dorsey's USERRA retaliation claim required a showing that Bluffton had taken a "material adverse employment action" against Dorsey.  The court did not define the term "material" in its jury charge.

While the jury was deliberating, the court noted the discrepancy between the phrases "any benefit of employment" and "a material adverse employment action."  After the jury quickly returned a verdict in Bluffton's favor, the court notified counsel for the parties that the retaliation instruction included the word "material" despite the fact that the word "material" does not appear in the text of the USERRA statute.

On March 25, 2013, Dorsey moved for a new trial on the basis of the court's inclusion of the word "material" in the retaliation instruction.  The matter has been fully briefed and the court heard oral argument on the motion on July 2, 2013.

## II.  STANDARDS

Trial courts have broad discretion in appropriately instructing the jury.  Teague v. Bakker, 35 F.3d 978, 985 (4th Cir.1994).  "A jury verdict . . . represents a good deal of work on the part of a good many people, and the instructions undergirding that collective effort should not succumb lightly to semantic fencing."  Noel v. Artson, 641 F.3d 580, 586 (4th Cir. 2011).  A motion for new trial is a matter "resting in the sound discretion of the trial judge, and . . . his action thereon is not reviewable upon appeal, save in the most exceptional circumstances."  Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 869 (4th Cir.1999) (internal quotations omitted); Vista del Mar Condominiums, LLC

v. Nichols Brosch Wurst Wolfe & Assocs., Inc., No. 09-cv-2869, 2013 WL 625455, at *1 (D.S.C. Feb. 20, 2013).  "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.'"  Perrin v. O'Leary, 36 F. Supp. 2d 265, 266 (D.S.C. 1998) (quoting Bennett Enterprises, Inc. v. Domino's Pizza, Inc., 45 F.3d 493, 497 (D.C. Cir. 1995)).  In considering a motion for a new trial, the court must view the evidence in the light most favorable to the prevailing party.  Vista del Mar, 2013 WL 625455, at *1.

When a party has failed to preserve an objection to an improper jury instruction, the court may nevertheless consider that error if it is a plain error that affects substantial rights.  Fed. R. Civ. P. 51(d)(2).  To establish plain error, a party must show: (1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) . . . the error seriously affects the fairness, integrity or public reputation of judicial proceedings."[1]  In re Celotex Corp., 124 F. 3d 619, 630-31 (4th Cir. 1997) (citing United States v. Olano, 507 U.S. 725, 730 (1993)).  A party seeking to demonstrate plain error bears a heavy burden.  See United States v. Anderson, --- F. App'x ---, 2013 WL 3455791, at *4 (4th Cir. July 10, 2013) (explaining that it is a "heavy burden" for a criminal defendant to demonstrate that the sentence imposed by the court meets the first three prongs of the plain error test); United States v. Sprouse, No. 11-4715, 2013 WL 1397166, at *5 (4th

---

[1]In Celotex, the Fourth Circuit explained that the plain error standard that applies in criminal cases also applies in the civil context.  "Because we cannot conceive of a reason why an appellant in a civil case should bear a lesser burden for obtaining correction of a forfeited error than an appellant in a criminal case, we hold that, at a minimum, the requirements of Olano must be satisfied before we may exercise our discretion to correct an error not raised below in a civil case."  124 F.3d at 631.

Cir. Apr. 8, 2013) (table) (characterizing the showing needed to meet the third prong of the plain error test as a "high standard.").

Because Dorsey did not object to the retaliation instruction at trial, the court applies plain error review.  Hofmann v. O'Brien, 367 F. App'x 439, 444 (4th Cir. 2010); Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 396 (4th Cir. 2004); see also Fed. R. Civ. P. 51(d)(2).

## III.  DISCUSSION

Dorsey argues that inclusion of the word "material" in the retaliation instruction was plain error because the USERRA statute does not require materiality.  If the court finds that the inclusion of the word "material" was not plain error, Dorsey argues in the alternative that the court plainly erred by failing to define the term "material" for the jury. The court considers Dorsey's allegations of error in turn.

### A.  Use of the Word "Material" in the Jury Instructions

USERRA's anti-retaliation provision, 38 U.S.C. § 4311(b), states that:

An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

A number of courts have construed the phrase "any adverse employment action" to mean "any material adverse employment action."  In Lisdahl v. Mayo Foundation, 633 F.3d 712, 720-21 (8th Cir. 2011), the Eighth Circuit extended the Supreme Court's holding in the Title VII case Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006), to USERRA cases, and found that USERRA's anti-retaliation provision prohibits materially adverse employment actions rather than mere "trivial harms."  633 F.3d at 721; see also

5

Vega-Colon v. Wyeth Pharma., 625 F.3d 22, 33 (1st Cir. 2010) (citing with approval a

Seventh Circuit holding that an "adverse employment action is one that significantly

alters the terms and conditions of the employee's job"); Crews v. City of Mt. Vernon, 567

F.3d 860, 869 (7th Cir. 2009) (holding that an actionable USERRA retaliation claim must

include a "materially adverse employment action" because the statute does not permit

recovery for merely trivial harms).

    While the Fourth Circuit appears to have been silent on this issue, the court agrees

with every court that has considered the issue that USERRA's anti-retaliation provision

provides a remedy for only *materially* adverse employment actions.  See Lisdahl, 633

F.3d at 721 ("Every court that has examined the question—at least every decision cited

by the parties or located by this Court in its own research—of whether there is a

materiality requirement in USERRA has held that there is.") (internal quotations

omitted).  Because USERRA's anti-retaliation provision requires that the adverse

employment action taken against a plaintiff seeking relief must be material, and not

trivial, the court did not plainly err when it used the word "material" in the retaliation

instruction.[2]

---

[2] The use of the word "material" in the jury instructions may also very well qualify as an invited error for which Dorsey has no remedy.  "Under the 'invited error' doctrine, a party is prevented from inducing the court to take an erroneous step and later seeking redress for the error."  Project Control Servs., Inc. v. Westinghouse Savannah River Co., 35 F. App'x 359, 365 (4th Cir. 2002) (citing United States v. Jackson, 124 F.3d 607, 617 (4th Cir. 1997).

Dorsey proposed the following jury instruction to describe the substantive law relating to his USERRA discrimination and retaliation claims:

An employer may not discriminate in employment against or take any adverse employment action against any person because such person [took] an action to enforce a protection afforded [by USERRA] . . . or [exercised] rights provided for [by USERRA].  ***Any action that would dissuade "a reasonable worker from making or supporting a charge of discrimination" is considered to be materially adverse***.

Even if the court were to find that use of the word "material" in the retaliation instruction met the first three criteria of the plain error test, Dorsey has not shown that the error seriously affected the fairness, integrity or public reputation of his trial.  In connection with the fourth prong of the plain error test, "it is not enough for [Dorsey] to establish that it is impossible to tell whether the verdict returned by the jury rested solely on the misinstruction, for such a showing would establish only that the error was not harmless."  United States v. Hastings, 134 F.3d 235, 243 (4th Cir. 1998).  Rather, to show that his substantial rights were affected, Dorsey must show that the jury found in Bluffton's favor as to the USERRA retaliation claim because of the retaliation instruction.  This is a heavy burden, and one which Dorsey has not met.  Dorsey's tepid assertion that "[i]t is *likely* that the jury *could have found* that Defendant engaged in some or all of these [adverse employment actions] because of Plaintiff's military status and protected activities, but then found that Defendant's actions were not 'material' enough to violate the law,"  Pl.'s Mem. in Supp. of Mot. for New Trial 5 (emphasis added), does not show that the jury based its verdict on the use of the word "material" in the retaliation instruction.

For these reasons, the court finds that its inclusion of the word "material" in the retaliation instruction was not plain error.

---

> In order to prevail on his retaliation claim, Sgt. Dorsey must demonstrate that his exercise of his USERRA rights was a "motivating factor" in the Town's decision to take adverse actions against him.

Pl.'s Requested Jury Instruction No. 5 (emphasis added).  This requested jury instruction imposes a materiality requirement with respect to at least Dorsey's USERRA discrimination claim and possibly also to his USERRA retaliation claim.  Similarly, Dorsey failed to object to the court's retaliation instruction, even though he was provided a copy of those instructions – and was asked for his input – well before the court charged the jury.

7

### B.  Failure to Define "Material" in the Jury Instructions

The court must next consider whether it was plain error to omit a definition of the word "material" from the jury instructions.  As noted above, a finding of plain error has four elements:  "(1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) the court determines ... that the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Celotex, 124 F. 3d at 630-31.  However, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  Henderson v. Kibbe, 431 U.S. 145, 155 (1977).  Again, even if the court were to assume that omitting the definition of materiality was a plain error that affected Dorsey's substantial rights, Dorsey has nevertheless failed to demonstrate that the error seriously affected the fairness, integrity, or public reputation of his jury trial.

The jury in this case – armed with two days of trial testimony and exhibits, the arguments of counsel, a verdict form that made no mention of the word "material," and fourteen pages of jury instructions to which neither party objected – determined that Bluffton had neither discriminated nor retaliated against Dorsey on the basis of his military status and activities.  Dorsey has not shown that the court's failure to define the word "material" in its jury instructions undermined the jury's decision in Bluffton's favor.

### IV.  CONCLUSION

For the foregoing reasons, the court finds that its jury instructions in this case were not plainly erroneous.  Dorsey's motion for a new trial, ECF No. 52, is **DENIED**.

8

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 18, 2013**
**Charleston, South Carolina**